## Singer Manufacturing Co. *vs.* Lancaster *et al.*

Complaint, from Houston. Contracts. Sealed Instruments. Charge of Court. New Trial. Practice in Supreme Court. (Before Judge Simmons.)

Blandford, J.—Where suit was brought on a written obligation under seal, and the sureties pleaded *non est factum*, it was error to charge

as follows: "Look at all the evidence and see from that whether Mr. Lancaster, Sr., or Mr. Davidson signed that paper, or whether either of them did; if you find that either of them did, then you would be authorized to go further and see what the company has been damaged, and how much they are indebted to the company," and the grant of a new trial was not error.

(a) It is a power inherent in the Superior Court, upon a motion for new trial, to review its own rulings and grant a new trial; and this is confirmed by express enactment, providing for the exercise of a sound discretion in granting or refusing a new trial, in cases not expressly provided for. Code, §3718.

(b) It is bad practice to embrace in the record the stenographic report of the questions and answers of counsel and witnesses and what was said by the court and counsel. The better practice is to put the evidence in the record in narrative form.

Judgment affirmed.

Thos. Willingham, for plaintiff in error.

M. G. Bayne; H. M. Holtzelaw, for defendants.